UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): **12-2227(L), 12-2237(CON), et al.**   Caption [use short title]

Motion for: **Stay**

Set forth below precise, complete statement of relief sought:

**Stay of appeal bond ordered by District Court**

MOVING PARTY: **Objector Kirk Kennedy**   OPPOSING PARTY: **See attachment**
☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: **Joseph M. Labuda**   OPPOSING ATTORNEY: **See attachment**
[name of attorney, with firm, address, phone number and e-mail]
Milman Labuda Law Group PLLC
3000 Marcus Ave., Ste 3W8
Lake Success, New York 11042
jlabuda@mllaborlaw.com

Court-Judge/Agency appealed from: **SDNY**

Please check appropriate boxes:   FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):   Has request for relief been made below? ☐ Yes ☐ No
☑ Yes ☐ No (explain):_____   Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency:_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

Is oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date:_____

Signature of Moving Attorney:
/s/ Joseph M. Labuda   Date: **10/15/2012**   Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

---

**ORDER**

IT IS HEREBY ORDERED THAT the motion is GRANTED  DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____   By: _____

Form T-1080 (rev. 7-12)

# ATTACHMENT
## Docket Nos. 12-2227(L), 12-2303(CON), 12-2337(CON)

### T-1080 Form: Opposing Parties and Their Counsel

Merrill G. Davidoff, Esq.
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3084
mdavidoff@bm.net

Counsel for Plaintiff

Forrest S. Turkish, Esq.
595 Broadway
Bayonne, NJ 07002
(201) 339-8866
fturkish@aol.com

Counsel for Objectors-Appellants Melton, Sutro and Ramirez

Christopher A. Bandas, Esq.
500 N. Shoreline, Suite 1020
Corpus Christi, TX 78401-0353
(361) 698-5200
cbandas@bandaslawfirm.com

Counsel for Objector-Appellant Serafino

Darrell Palmer, Esq.
603 N. Hwy 101, Ste A
Solana Beach, CA 92075
(619) 293-3100
Darrell.palmer@palmerlegalteam.com

Counsel for Objectors-Appellants Melton, Sutro and Ramirez

# UNITED STATES COURT OF APPEALS
## for the
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of October, two thousand and twelve,

Robert Ross, on behalf of himself and all others similarly situated, Randal Wachsmuth, on behalf of himself and all others similarly Situated,

Docket Number: 12-2237

*Plaintiffs-Appellees,*

v.

American Express Company, American Express Travel Related Services, Inc., American Express Centurion Bank,

*Defendants-Appellees,*

v.

Kirk A. Kennedy

*Appellant.*

## MOTION TO STAY ORDER FOR APPEAL BOND
## BY APPELLANT KIRK A. KENNEDY

Joseph M. Labuda
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899 / (516) 328-0082
Email: joelabuda@mllaborlaw.com

Attorneys for Appellant Kirk Kennedy

Appellant Kirk A. Kennedy moves this Court to stay the payment of a $25,000.00 appeal bond ordered by the District Court pending appeal of that order.

## I. THE FEDERAL RULES OF APPELLATE PROCEDURE PERMIT A STAY PENDING THE OUTCOME OF THE APPEAL OF THE DISTRICT COURT'S ORDER IMPOSING AN APPEAL BOND

Federal Rule of Appellate Procedure[1] ("Rule") 8(a)(2) permits a party to move for a stay of an order granting an appeal bond pending the outcome of the appeal on the merits. The party seeking the stay of the district court order pending appeal is required to show the following: (1) a strong position on the merits of its appeal, (2) any irreparable injury if the stay was denied, (3) that the stay would not substantially harm other parties to litigation, and (4) that public interest favors a stay. *Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960 (10th Cir. 1992.)

### A. The Merits of Appellant's Appeal.

The lower court imposed a $25,000.00 appeal bond (the "Appeal Bond" or the "Bond") against Appellant Kirk A. Kennedy in connection with his appeal of a class action settlement. (Doc. 277). Yet the amount of the Bond far exceeds any likely costs on appeal, many times over. The appeal from the Bond Order is meritorious based upon a review of Second Circuit jurisprudence and a strict reading of the Rules.

---

[1] Hereinafter, all references to "Rule" shall be to the rules of appellate procedure unless otherwise noted.

2

### 1. The Rules Show that Appeal of the Bond Order is Meritorious.

The legal standard for the imposition of an appellate bond and the amount, if any, is governed under Rule 7 the purpose of which is "to ensure that the appellee will be paid any costs that are awarded to him if the appellant is unsuccessful on appeal." The purpose of the rule is to "protect ... an appellee against the risk of nonpayment by an unsuccessful appellant." *In re AOL Time Warner, Inc.*, 2007 WL 2741033, *4 (S.D.N.Y. Sept. 20, 2007); *see also*, *Page v. A.H. Robbins Co.*, 85 F.R.D. 139, 139-40 (E.D. Va. 1980). Rule 38 specifies the exact costs that are compensable in the instance of a failed appeal: (1) the preparation of the record; (2) the reporter's transcript, if needed; (3) premiums paid for a supersedes bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.

The district court's Bond Order was clear that only Rule 7 costs require protection by a bond. But the Bond Order failed to show how costs under Rule 7 could possibly add up to $25,000.00. The district court justified this amount, on page 6 (Docket No. 277) of its Order, citing to its prior decision from 2010, at CCF1, 2010 WL 1253741, at *3. A reading of this cite, however, does not support the district court's decision in **this** matter:

> Given the voluminous record and the number of appellants, this Court concludes that costs in the amount of $16,000.00 is too low. Multiple copies will be required because several appellants refuse to consent to consolidation of appeals.

In this appeal, in contrast to the first class action settlement in 2010, there is a very small appellate record, and a very small number of appellants. The number of appellants here is only five (5).[2] Further, the five appellants have already consented to the consolidation of their appeals. The district court also stated that delay costs were "not relevant" to the amount of a bond because Rule 7 does not allow such costs. (Doc. 277 at 6) Accordingly, the court's arbitrary bond amount of $25,000.00 is not supported by the record, even by the court's own reasoning, or by Rule 7 and Rule 38's definition of costs, which Appellant detailed would likely not exceed $1,000. Absent adequate support in <u>this</u> matter, tied to the estimated amount of <u>allowable</u> costs under Rule 38, the amount of the Bond is an abuse of discretion and should therefore be stayed pending the outcome of the merits of the appeal on the Bond Order.

A district court may not impose a bond in an amount beyond what is necessary under Rule 38 to insure adequate security if to do so would effectively preclude pursuit of an appeal. *Lindsey v. Normet*, 405 U.S. 56, 77-79 (1972) (holding that statute conditioning appeal on posting of double bond was unconstitutional under Fourteenth Amendment equal protection clause). Rule 7 was not intended to be used as a means of discouraging appeals, even if perceived to be frivolous. *In re American President Lines, Inc*, 779 F.2d 714, 717 (D.C. Cir. 1985). *See also Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d

---

[2] The other Appellants in these related appeals of the class action settlement are Richard Melton Construction, Inc., Dirk Sutro, David Ramirez, and Charles Serafino.

4

950, 960 (9th Cir. 2007). The Second Circuit struck a state court bond provision which "would effectively bar Texaco's meritorious appeal" because it was prohibitively high and would place the corporation in jeopardy, in *Texaco, Inc., v. Pennzoil Co.,* 626 F. Supp. 250, 256-57 (S.D.N.Y. 1986).

Plaintiffs' motion to impose a bond was devoid of any evidence regarding allowable anticipated appeal costs, as noted by the district court when it specifically disallowed delay costs. Courts routinely deny Rule 7 bond motions when the movant fails to meet its burden of proof as to the properly anticipated costs. *See, e.g., Lundy v. Union Carbide Corp.,* 598 F. Supp. 451, 452 (D. Or. 1984)(denying Rule 7 bond motion because movant did not justify the amount of its request or provide any reasonable estimate of the actual costs it may incur on appeal); *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.,* 2008 WL 2415340, *2 (E.D. Mich. 2008); *Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority,* 193 F.R.D. 26, 43 (D. Puerto Rico 2000)(denying request for $75,000 bond because the amount did not correlate with the costs recoverable under Rule 39 and movant failed to justify the amount of the request).

The Federal Rules of Appellate Procedure define the items that may be recovered as costs. Rule 39(e) states in relevant part:

> The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid

5

for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal.

Of all the pleadings filed in the district court regarding a bond, only Movants' opposition outlined the likely costs which add up to less than $1,000. (Doc. 266 at 3-4) In numerous successful and unsuccessful appeals, other attorneys for the objectors/appellants as a group have not seen a cost bill exceeding $1,000, in any district.

### B. Appellant Will Suffer Irreparable Injury if this Stay is Not Imposed While Appellees Will Suffer None.

If the stay is not imposed, Appellant risks having his appeal dismissed for failure to post an appeal bond, which is within the discretion of the appellate court. *Atlanta Shipping Corp., Inc. v Chemical Bank*, 818 F.2d 240, 252 (2d Cir. 1987). Dismissal of an appeal is a discretionary, not mandatory, matter to be decided by the court, and is encompassed in Local Rule 39, whose language is "may." *Id.*

Here, Appellant is taking reasonable steps to ensure that his inability to comply with this Court's order does not result in a dismissal. Appellant simply cannot post such a bond where he has a good faith belief that neither case law nor statutory law supports the imposition of a bond in such a large amount. Contrarily, Appellees will not suffer any harm as a result of this brief stay pending resolution of the appeal bond issue. Thus, this prong weighs in favor of a stay.

6

### C. Public Interests Favor Imposition of a Stay

Appellant contends that public interest weighs in favor of imposition of a stay. As described above, the only possible negative outcome for any party would be for Appellant in the instance this Court denies this stay. Further, denial of this request for a stay could prove to have a significant chilling effect on other litigants' desire to appeal. A track record of district courts' (a) imposing excessive appeal bonds and (b) denying a litigant's procedurally proper efforts to have that appeal bond reviewed for fairness by a higher court would certainly produce an undesired effect on other litigants who would choose to avoid an appeal altogether.

## II. CONCLUSION

For the foregoing reasons, Appellant respectfully requests this Court stay imposition of the $25,000.00 Appeal Bond as ordered by the district court at docket entry 277 and 278, pending the outcome of his appeal regarding that order.

Dated: October 15, 2012         Respectfully Submitted,

By:/s/ Joseph M. Labuda

Joseph M. Labuda
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899 / (516) 328-0082
Email: joelabuda@mllaborlaw.com
Attorneys for Objector/Appellant Kirk Kennedy

8

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system on October 15, 2012.

I certify that all parties in this case who are registered CM/ECF users that service will be accomplished by the appellate CM/ECF system.

/s/ Joseph M. Labuda
Joseph M. Labuda